## JUSTUS SIMONS *versus* ENOS PECK
### March 29, 1842.

M. L. Drake, attorney for plaintiff in error.
G. W. Wisner, attorney for defendant in error.

[INDORSEMENT]

*Sup. Court 4 Cir.* Jan^r '42

Simons
vs.
Peck

Mem° of Opinion
Judg^t reversed—
29 March 42—decided—

[OPINION]

Justus Simons
vs.
Enos Peck

This is a writ of Error directed to the Circuit Court of the County of Oakland, brought to reverse a Judgment rendered in the Court against the Plff below, who is also the Plff in error—

Simons sued Peck in the Court below in an action of Replevin for a yoke of oxen—

The Deft pleaded that he did not detain the property,

and gave notice that he would prove on the trial that the property, in question, was the Defts—

A bill of exceptions was allowed, and sets forth the matters upon the errors [which] have been assigned—

From the bill of exceptions it appears, that on the trial the Plff proved that he purchased the oxen at a public sale the 1 Feby '39, made by a constable in virtue of an execution in favor of Le Roy & Munson and against one W$^m$ C. Bowering, and that the oxen, by some means unknown to the Plff got into the possession of the Deft.

And the Plff brought this action—The Plff then rested—

The Deft proved that he bought the oxen of Bowering in Dec$^r$ 1838, or about the 1 Jan$^y$ '39—That afterwards they were levied upon by a constable on an Ex$^n$ against Bowering, and that the officer delivered them to a Receiptor—and that the Deft. Peck replevied them from the Receiptor, and gave bond in the usual manner—That after Peck had commenced his replevin against the Receiptor, the cattle were again taken by a constable on Ex$^n$ vs. Bowering, that the officer sold the cattle upon that Ex$^n$ to the Plff.

It was further proved the Replevin suit of Peck against the Receiptor had been tried in the same Term at which this suit was tried, and that Peck had recovered the property—

It was also in evidence that when the Ex$^n$ under which the Plff in this suit purchased the oxen was levied, the oxen were in the poss. of Bowering.

—And the Plff introduced testimony to show that the sale from Bowering to the Deft. was fraudulent, made with intent to keep the property from the creditors of Bowering—

Upon this evidence, the Court charged the Jury, that the oxen having been replevied by Peck in his suit against the Receiptor, and that suit then pending when they were levied upon and sold to the Plff in virtue of an Ex$^n$, and the Re-

plevin suit of Peck against the Receiptor being pending when this suit was commenced, that the property was in the custody of the law could not be sold to the Plff on the Ex$^n$ or recovered by him in this action. The Court further instructed the Jury that they need not inquire whether the sale from Bowering to Peck was fraudulent, or not, and that the Deft. was intitled to a verdict.

—To this charge the Plff excepted—

On the part of the Plff in error it is insisted that the Court erred in giving the above instructions to the Jury.

1. In charging the Jury that inasmuch as the property in question had been replevied by Peck against the Receiptor, and that suit pending when this was commenced, that the property was in the custody of the law, and could not be replevied in this action—

2. That the Court also erred in charging the jury to disregard the evid. given by the Plff tending to prove that the original sale from Bowering to Deft. was fradulent and intended to defraud creditors—

I think both these objections are well taken—
In the case of Clark vs. Skinner 20 John. R. 467, there is a very full review of the cases showing under what circumstances property taken on Ex$^n$ &c is in the custody of the law—

Platt says the Deft in Ex$^n$ whose goods have been taken on a fi. fa, cannot bring trespass or Replevin against the officer—as *to him* the property is in the custody of the law—But this rule has no application to the rights of a *Stranger* whose property has been wrongfully taken on Ex$^n$ against another person—
Nor can a Deft in Replevin, replevy the property from the Plff—

But a third person may—
The first point being sustained, the 2$^d$ is of course, because

if the Plff could maintain the action, he had a right to show that Deft claimed the property under a fraudulent sale—

Judg[t] reversed—case reman[d] with directions that a *venire de novo* be awarded—